UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEWORK COMPANIES INC., <br><br> Petitioner, <br><br> v. <br><br> TARA ZOUMER, <br><br> Respondent. | No. 16-cv-457 <br><br> ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF WEWORK COMPANIES INC.'S
PETITION TO COMPEL ARBITRATION AND APPOINT AN ARBITRATOR**

BOIES, SCHILLER & FLEXNER LLP

575 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-2300

*Attorneys for WeWork Companies Inc.*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..... 1

FACTUAL AND PROCEDURAL BACKGROUND ..... 2

I. FACTUAL BACKGROUND ..... 2

A. Parties ..... 2

B. Zoumer Agreed to Arbitration in Her Employment Offer Letter with WeWork ..... 2

II. PROCEDURAL BACKGROUND ..... 3

ARGUMENT ..... 4

I. ZOUMER'S CLAIMS ARE SUBJECT TO MANDATORY BINDING ARBITRATION UNDER THE FEDERAL ARBITRATION ACT. ..... 4

A. The FAA Applies to the Arbitration Agreement in Zoumer's Offer Letter. ..... 4

B. The Arbitration Agreement in the Offer Letter Requires That Zoumer's Claims Be Submitted to Arbitration. ..... 5

II. THE COURT SHOULD ENTER AN ORDER COMPELLING ARBITRATION OF ZOUMER'S CLAIMS AND APPOINT AN ARBITRATOR TO RESOLVE THE PARTIES' DISPUTE. ..... 8

CONCLUSION ..... 9

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                            Page(s)

*ACE Capital Re Overseas Ltd. v. Cent. United Life Ins. Co.*, 307 F.3d 24
 (2d Cir. 2002) ................................................................................................................... 7

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) ............................................................ 4

*Bell v. Cendant Corp.*, 293 F.3d 563 (2d Cir. 2002) ..................................................................... 5

*Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006) .............................................. 4, 5

*Camferdam v. Ernst & Young Int'l, Inc.*, No. 02-cv-10100, 2004 WL 307292
 (S.D.N.Y. Feb. 13, 2004) .................................................................................................. 8

*Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) .............................................................. 4

*Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16 (2d Cir. 1995) ................................ 7

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985) ............................................................ 5

*Gateson v. Aslk-Bank, N.V.*, No. 94-cv-5849, 1995 WL 387720
 (S.D.N.Y. June 29, 1995) .............................................................................................. 7-8

*Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840 (2d Cir. 1987) ........................................ 6

*Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144 (2d Cir. 2004) .............................................. 6

*Hartford Accident & Indem. Co. v. Swiss Reinsur. Am. Corp.*, 246 F.3d 219
 (2d Cir. 2001) ................................................................................................................ 5, 8

*Marciano v. DCH Auto Grp.*, 14 F. Supp. 3d 322 (S.D.N.Y. 2014) ............................................. 6

*Meyer v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 00-cv-8339,
 2001 WL 396447 (S.D.N.Y. 2001) .................................................................................. 6

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1 (1983) ................................. 4

*Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela*, 991 F.2d 42
 (2d Cir. 1993) ................................................................................................................... 6

*Spinelli v. Nat'l Football League*, 96 F. Supp. 3d at 99 (S.D.N.Y. 2015) .................................... 7

*Tarulli v. Circuit City Stores, Inc.*, 333 F.Supp.2d 151 (S.D.N.Y. 2004) ......................................... 6

*Townsend v. Smith Barney Shearson*, 906 F. Supp. 153 (W.D.N.Y. 1995) ..................................... 5

*Volt Info. Sci., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468 (1989) ................................................................................................. 4

**Statutes and Rules**

9 U.S.C. § 2 .............................................................................................................................. 4

9 U.S.C. § 4 .............................................................................................................................. 8

9 U.S.C. § 5 .............................................................................................................................. 8

Petitioner WeWork Companies Inc. ("WeWork"), by and through its attorneys, respectfully submits this memorandum of law in support of its Petition to Compel Arbitration and Appoint an Arbitrator Pursuant to Sections 4 and 5 of the Federal Arbitration Act, 9 U.S.C. §§ 1–16.

## PRELIMINARY STATEMENT

Respondent Tara Zoumer should be compelled to arbitrate claims she has brought in court against WeWork. When Ms. Zoumer joined WeWork in March 2015, as part of her offer of employment, she agreed to arbitrate "any and all claims" arising out of, or related to, her employment or the termination thereof. By signing her employment offer letter, Ms. Zoumer expressly acknowledged and accepted the terms of the letter, which included a mandatory binding arbitration provision. Nevertheless, in December 2015, after being terminated from WeWork, Ms. Zoumer filed a complaint against WeWork in California state court, alleging claims for both unpaid wages/compensation and wrongful termination/retaliation. All of Ms. Zoumer's claims fall squarely within the scope of the arbitration agreement in her offer letter.

As set forth below, because Ms. Zoumer entered into a valid arbitration agreement with WeWork, and because all of the claims she has asserted in her lawsuit against WeWork fall within the scope of the arbitration agreement, WeWork respectfully requests that the Court enter an order pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, compelling Ms. Zoumer to arbitrate her claims pursuant to the terms of the arbitration provision to which she agreed. Further, pursuant to Section 5 of the Federal Arbitration Act, 9 U.S.C. § 5, WeWork respectfully requests that the Court appoint an arbitrator to resolve the Parties' dispute in accordance with the terms of the arbitration agreement.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.    FACTUAL BACKGROUND**

   **A.    Parties**

Petitioner WeWork was founded in 2010. WeWork is a New York-based company that provides collaborative office spaces and business, education, and training services to a community of over 40,000 entrepreneurs, freelancers, and small business owners in over twenty cities in the United States, the United Kingdom, Israel, Canada, Germany and the Netherlands.

Respondent Tara Zoumer ("Zoumer") is a former employee of WeWork. She was employed by WeWork from March 9, 2015 to November 16, 2015. During the eight months she was employed by WeWork, Zoumer held the position of Associate Community Manager at two of WeWork's locations California. (*See* Compl. ¶ 3, attached as Exhibit A to the accompanying Declaration of Christopher D. Belelieu ("Belelieu Declaration").)

   **B.    Zoumer Agreed to Arbitration in Her Employment Offer Letter with WeWork**

On March 4, 2015, Zoumer signed an offer of employment with WeWork (the "Offer Letter"). The Offer Letter contains both a choice-of-law provision and mandatory arbitration provision. Specifically, the Offer Letter provides as follows:

> "This offer letter shall be governed by the laws of the State of New York, without regard to conflict of law principles. *You and WeWork agree to submit to mandatory binding arbitration any and all claims arising out of or related to your employment with WeWork and the termination thereof* (other than claims related to your Invention, Non-Disclosure, Non-Competition, and Non-Solicitation Agreement), *which shall be conducted in New York County, New York*." (Zoumer Offer Letter, at 1-2, attached as Exhibit B to the Belelieu Declaration (emphases added).)[1]

---

[1] On the same day that Zoumer signed the Offer Letter, she also entered into an Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreement (the "NDA"). None of Zoumer's claims as set forth in her complaint relate to the NDA. (*See generally* Compl., attached as Exhibit A to the Belelieu Declaration.)

The end of the Offer Letter contains the following text, in italics, below which Zoumer signed her name:

> "*I have read, understood and accept the offer of employment as set forth in the foregoing letter. I acknowledge and agree that this letter overrides any prior discussions, understandings or agreements about my employment with WeWork.*"
> (*Id.* at 2 (emphasis in original).)

## II.   PROCEDURAL BACKGROUND

On December 24, 2015, Zoumer filed a summons and complaint (together, the "Complaint") against WeWork in the Superior Court of California, County of San Francisco, CGC 15-549607. The Complaint includes twelve causes of action, all related to Zoumer's employment at WeWork or the termination of her employment: (i) wrongful termination in violation of California public policy pursuant to Cal. Labor Code §§ 1102.5, 98.6, 923, 232 (First and Fourth Causes of Action); (ii) retaliation in violation of Cal. Labor Code §§ 1102.5, 98.6 (Second and Third Causes of Action); (iii) failure to pay overtime in violation of Cal. Labor Code §§ 510, 1194 (Fifth Cause of Action); (iv) failure to provide accurate earning statements in violation of Cal. Labor Code § 226 (Sixth Cause of Action); (v) failure to maintain accurate payroll records in violation of Cal. Labor Code §§ 1174(d), 1174.5 (Seventh Cause of Action); (vi) failure to pay all wages upon termination in violation of Cal. Labor Code §§ 201, 203 (Eighth Cause of Action); (vii) failure to pay wages in violation of Cal. Labor Code §§ 200, 204 (Ninth Cause of Action); (viii) failure to provide meal breaks in violation of Cal. Labor Code § 512 and IWC Wage Order 5-2001 (Tenth Cause of Action); (ix) failure to provide rest breaks in violation of IWC Wage Order 5-2001 (Eleventh Cause of Action); and (x) failure to pay expenses in violation of Cal. Labor Code § 2802 (Twelfth Cause of Action).

On January 21, 2016, WeWork removed Zoumer's state court action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1446. WeWork

also intends to file a motion to stay the proceedings in the United States District Court for the Northern District of California pending this Court's resolution of the Petition.

## ARGUMENT

I.  **ZOUMER'S CLAIMS ARE SUBJECT TO MANDATORY BINDING ARBITRATION UNDER THE FEDERAL ARBITRATION ACT.**

   A.  **The FAA Applies to the Arbitration Agreement in Zoumer's Offer Letter.**

The Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("FAA"), "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006).  The "principal purpose" of the FAA is "to ensur[e] that private arbitration agreements are enforced according to their terms."  *Volt Info. Sci., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011).  Section 2 of the FAA makes written arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract."  9 U.S.C. § 2; *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983) ("Section 2 is a congressional declaration of a liberal federal policy favor arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary.").

The FAA applies to the arbitration agreement between WeWork and Zoumer. Specifically, Section 2 applies to the Offer Letter between WeWork and Zoumer because Section 2 applies to all employment contracts, with very limited exceptions.  *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001) ("[T]he text of § 1 precludes interpreting the exclusion provision to defeat the language of § 2 as to all employment contracts.  Section 1 exempts from the FAA only contracts of employment of transportation workers."); *id.* at 123 ("Arbitration agreements allow parties to avoid the costs of litigation, a benefit that may be of particular

4

importance in employment litigation, which often involves smaller sums of money than disputes concerning commercial contracts."). As such, the arbitration provision in the Offer Letter must be analyzed within the context of the FAA's "national policy favoring arbitration." *Cardegna*, 546 U.S. at 443.

    **B.    The Arbitration Agreement in the Offer Letter Requires That Zoumer's Claims Be Submitted to Arbitration.**

In determining whether a dispute must be submitted to arbitration under Section 4 of the FAA, a court's inquiry is limited to answering two questions: (1) "whether there exists a valid agreement to arbitrate," and (2) "whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement." *Hartford Accident & Indem. Co. v. Swiss Reinsur. Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001) (quotations omitted).[2] As set forth below, both questions should be answered in the affirmative. *See Townsend v. Smith Barney Shearson*, 906 F. Supp. 153, 156 (W.D.N.Y. 1995) ("If both these questions are answered in the affirmative, the court has no discretion, and must direct the parties to proceed to arbitration.") (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217-18 (1985)).

    1.    <u>The Offer Letter Includes a Valid Agreement to Arbitrate.</u>

Zoumer entered into an arbitration agreement with WeWork as part of her Offer Letter, which is binding on both Parties. Specifically, Zoumer agreed to "*submit to mandatory binding arbitration* any and all claims arising out of or related to your employment with WeWork and the termination thereof." (Zoumer Offer Letter, at 1, attached as Exhibit B to the Belelieu Declaration (emphasis added).) In addition, in agreeing to, and signing, the Offer Letter, Zoumer

---

[2] These questions of arbitrability are resolved according to New York law, which is both the law of the forum and the law selected by the choice of law provision in the Offer Letter. *See Bell v. Cendant Corp.*, 293 F.3d 563, 566 (2d Cir. 2002) ("[T]he ultimate question of whether the parties agreed to arbitrate is determined by state law."); (*see also* Zoumer Offer Letter, at 1, attached as Exhibit B to the Belelieu Declaration).

5

acknowledged that she "read, understood and accept[ed] the offer of employment as set forth in the foregoing letter." (*Id.* at 2.)

"Whether one can be bound by an arbitration clause is usually determined by looking at generally accepted principles of contract law." *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004). "Under New York law, in the absence of fraud or other wrongful conduct, a party who signs a written contract is conclusively presumed to know its contents and to assent to them, and he is therefore bound by its terms and conditions." *Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela*, 991 F.2d 42, 46 (2d Cir. 1993); *see also Marciano v. DCH Auto Grp.*, 14 F. Supp. 3d 322, 328 (S.D.N.Y. 2014).

Zoumer did not sign her Offer Letter under duress, nor was she fraudulently induced into signing the Offer Letter. *See, e.g.*, *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 845 (2d Cir. 1987) ("Under general contract principles a party is bound by the provisions of a contract that he signs, unless he can show special circumstances that would relieve him of such an obligation."). As such, the arbitration agreement in her Offer Letter is valid and enforceable. *See, e.g.*, *Tarulli v. Circuit City Stores, Inc.*, 333 F. Supp. 2d 151, 157–58 (S.D.N.Y. 2004) (finding "no fraud, duress, unconscionability or wrongful act" and therefore "a valid agreement to arbitrate" where plaintiff "voluntarily attended the [d]efendant's job fair" and "voluntarily signed [an arbitration agreement], even without . . . reviewing the [a]greement"); *Meyer v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 00-cv-8339, 2001 WL 396447, at *1-2 (S.D.N.Y. 2001) (holding that countersigned letter offer of employment requiring employer and employee to arbitrate disputes with respect to employment was supported by valid consideration because it was mutually binding).

2. <u>Zoumer's Claims Fall Within the Scope of the Arbitration Agreement.</u>

As set forth above, Zoumer's Complaint contains twelve causes of action, which can be broadly separated into two categories: (1) claims for retaliation and wrongful termination, and (2) claims related to unpaid wages/compensation. (*See* Compl., ¶¶ 20-86, attached as Exhibit A to the Belelieu Declaration.) All of Zoumer's causes of action relate either to her employment at WeWork or her termination from WeWork. As such, they fall within the scope of the arbitration agreement contained in her Offer Letter, which provides that Ms. Zoumer agreed to "submit to mandatory binding arbitration *any and all claims arising out of or related to your employment with WeWork and the termination thereof*." (Zoumer Offer Letter, at 1, attached hereto Exhibit B to the Belelieu Declaration (emphasis added).)

The arbitration agreement into which Zoumer and WeWork entered is broad in nature. *See, e.g.*, *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995) (concluding that an arbitration clause covering "any claim or controversy arising out of or relating to" an agreement is "the paradigm of a broad clause."). The use of the broad language "any and all claims" and "arising out of or related to" makes clear Zoumer's and WeWork's agreement to refer all claims regarding their employment relationship (and the termination thereof) to arbitration. *See Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 99, 100 (S.D.N.Y. 2015) ("Clauses requiring arbitration of disputes 'arising out of or in connection with' underlying contracts are considered 'broad' arbitration clauses."). Because the arbitration agreement in the Offer Letter is broad, there is a "presumption of arbitrability" that arises from Zoumer's and WeWork's agreement. *ACE Capital Re Overseas Ltd. v. Cent. United Life Ins. Co.*, 307 F.3d 24, 34 (2d Cir. 2002); *see also Gateson v. Aslk-Bank, N.V.*, No. 94-cv-5849, 1995

7

WL 387720, at *3 (S.D.N.Y. June 29, 1995) ("Generally, a broad arbitration clause requires a court to refer any disputes between parties to arbitration.").

Because Zoumer's claims clearly relate to her employment at WeWork and the termination thereof, and because the arbitration agreement in the Offer Letter is broad in scope, Zoumer's claims "fall within the scope of the arbitration agreement." *Hartford*, 246 F.3d at 226.

II.     **THE COURT SHOULD ENTER AN ORDER COMPELLING ARBITRATION OF ZOUMER'S CLAIMS AND APPOINT AN ARBITRATOR TO RESOLVE THE PARTIES' DISPUTE.**

Because Zoumer and WeWork entered into a valid written agreement to arbitrate the claims set forth in her Complaint, the Court should issue an "order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. In other words, this Court should order that Zoumer must submit her claims against WeWork to binding arbitration in New York County, New York.

Furthermore, because the arbitration agreement provides for "mandatory binding arbitration . . . conducted in New York County, New York," without any further specification as to the mechanics of the arbitration, this Court "may fill the gaps under the FAA," including appointing an arbitrator to decide the Parties' dispute. *See, e.g., Camferdam v. Ernst & Young Int'l, Inc.*, No. 02-cv-10100, 2004 WL 307292, at *4 (S.D.N.Y. Feb. 13, 2004) (internal citation omitted); *see also* 9 U.S.C. § 5 (if "no method" for selecting an arbitrator is provided by the written arbitration agreement, "then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may be required, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the

8

arbitration shall be by a single arbitrator"). Thus, this Court should also appoint an arbitrator to resolve the Parties' dispute pursuant to Section 5 of the Federal Arbitration Act.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court enter an order pursuant to 9 U.S.C. § 4 compelling Respondent to submit to binding arbitration in New York County, New York the claims asserted, or that could have been asserted, by Respondent in the Complaint. Further, pursuant to 9 U.S.C. § 5, WeWork respectfully requests that the Court appoint an arbitrator to resolve the Parties' dispute in accordance with the arbitration agreement entered into by the Parties.

Dated:  January 21, 2016
         New York, New York                              Respectfully Submitted,


                                                         ____/s/ Christopher D. Belelieu_____
                                                         Jonathan D. Schiller
                                                         Christopher D. Belelieu
                                                         BOIES, SCHILLER & FLEXNER LLP
                                                         575 Lexington Avenue
                                                         New York, NY 10022
                                                         Phone:  (212) 446-2300
                                                         Facsimile:  (212) 446-2350
                                                         Email:  jschiller@bsfllp.com
                                                                    cbelelieu@bsfllp.com

                                                         Samuel C. Kaplan (*pro hac vice to be filed*)
                                                         BOIES, SCHILLER & FLEXNER LLP
                                                         5301 Wisconsin Avenue, NW, Suite 800
                                                         Washington, DC 20015
                                                         Telephone: (202) 237-2727
                                                         Facsimile: (202) 237-6131
                                                         Email:  skaplan@bsfllp.com

                                                         *Attorneys for WeWork Companies Inc.*