UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
WEWORK COMPANIES INC.,

<table>
<tr><td>                   Petitioner,</td><td>16-cv-457 (PKC)</td></tr>
</table>

-against-                                        MEMORANDUM
                                                 AND ORDER

TARA ZOUMER,

                   Respondent.
--------------------------------------------------------x

CASTEL, U.S.D.J.

          Petitioner WeWork Companies Inc. ("WeWork") petitions this Court to compel

Respondent Tara Zoumer to arbitrate claims arising from her employment and to appoint an

arbitrator pursuant to Sections 4 and 5 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16.

For the following reasons, WeWork's petition to compel arbitration is granted.

BACKGROUND

          Respondent Tara Zoumer, a citizen of California, is a former employee of

petitioner WeWork, a company with its principal place of business in New York.  (Petition to

Compel Arbitration ("Petition") ¶¶ 3-4, Dkt. No. 1.)  On March 4, 2015, respondent signed an

offer of employment with petitioner (the "Agreement").  (Id. ¶ 10.)  Under the Agreement,

respondent would begin working as an Associate Community Manager on March 9, 2015 in

petitioner's California offices.  (Id. ¶ 15.)  In addition to outlining her salary and benefits, the

Agreement contained an arbitration clause and a choice of law provision. (Belelieu Decl., Ex. B.)

The Agreement stated the following:

> This offer letter shall be governed by the laws of the State of New
> York, without regard to conflict of law principles.  You and
> WeWork agree to submit to mandatory binding arbitration any and
> all claims arising out of or related to your employment with

> WeWork and the termination thereof (other than claims related to your Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreement), which shall be conducted in New York County, New York.

(Id.)

On November 16, 2015, respondent was terminated by WeWork. (Petition ¶ 16.) On December 24, 2015, respondent filed a complaint against WeWork in California state court for violations of California labor law arising out of her employment with WeWork ("California Action"). (Belelieu Decl., Ex. A at 5.) Petitioner removed the case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1446. Zoumer v. WeWork Companies Inc., 16 cv 00340 (JSW) (N.D. Cal. 2016), Dkt. No. 1. On February 19, 2016, Judge Jeffrey S. White granted petitioner's motion to stay those proceedings pending the resolution of the separately-filed petition to compel arbitration before this Court. (Id., at Dkt. No. 23.)

PETITION TO COMPEL ARBITRATION

Respondent opposes petitioner's petition to compel on several grounds. First, she alleges that this Court should decline to exercise jurisdiction over the petition pursuant to the "first-filed" rule. Alternatively, respondent argues that the arbitration agreement is invalid.

I.   Dismissal or Transfer of Case

The "first-filed" rule permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. Curtis v. Citibank, N.A., 226 F.3d 133, 136 (2d Cir. 2000). "A court must be careful, when dismissing a second suit between the same parties as duplicative, not to be swayed by a rough resemblance between the two suits without assuring itself that beyond the resemblance already noted, the claims asserted in both suits are also the same." Id.

- 2 -

While the parties in the two cases are the same, the issues, although related, are distinct.  The California Action involves substantive claims for which respondent is seeking relief under California labor laws, whereas the petitioner before this court seeks to compel arbitration of those claims.  Cap Gemini Ernst & Young U.S. LLC v. Arentowicz, No. 04 cv 0299 (DAB), 2004 WL 1386145, at *3 (S.D.N.Y. June 22, 2004) ("The New Jersey action seeks relief under the anti-discrimination laws of New Jersey; the instant case involves compelling arbitration."); Petition of Home Ins. Co., 908 F. Supp. 180, 182-83 (S.D.N.Y. 1995).

Relying on Vaden v. Discover Bank, 556 U.S. 49 (2009), respondent argues that courts "must look past arbitration agreements to the substantive dispute between the parties to assess jurisdictional matters in petitions to compel arbitration."  (Resp't Br. 2.)  Even if Vaden compels the conclusion that the issues are the same in the two actions, the circumstances of the present case warrant a departure from the first-filed rule.  The Supreme Court has emphasized that the first-filed rule is not a "rigid mechanical solution."  Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952).  In this case, a rigid application of the rule would run afoul of Section 4 of the FAA, which requires a party seeking to compel arbitration to move in the district court where the proceeding would be held.  J.P. Morgan Secs. Inc. v. La. Citizens Prop. Ins. Corp., 712 F. Supp.2d 70, 82-83 (S.D.N.Y. 2010).  Because the arbitration agreement provides that the arbitration must occur in New York County, New York, arguably only a court sitting in New York could grant the relief requested by the petitioner.  Applying the first-filed rule, therefore, may ultimately leave petitioner without a forum to decide the merits of this petition.  Courts have recognized that such a rigid application of the first-filed rule would waste judicial resources and run counter to the spirit of the rule and to the mandates of the FAA. Raytheon Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 306 F. Supp. 2d 346, 354 (S.D.N.Y.

2004); see also Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd.

P'ship, 409 F. App'x 401, 403 (2d Cir. 2010) (holding that forum shopping constitutes a special

circumstance justifying an exception to the first-filed rule).  Indeed, in granting petitioner's

request for a stay of the underlying action in California, Judge White also rejected the application

of the first-filed rule, noting that "in light of the issues raised by the Petition, sound judicial

administration warrants a less rigid application of the rule."  Zoumer v. WeWork Companies

Inc., 16 cv 00340 (JSW) (N.D. Cal. 2016), Dkt. No. 13.

        Accordingly, respondent's request to dismiss or transfer the petition is denied.

II.  Validity of the Choice of Law Clause

        As an initial matter, respondent argues that California law should apply to the

interpretation of the Agreement, despite there being an express choice of law provision calling

for New York law to apply.  (Resp't Br. 4-10.)  When an express choice of law provision is

included in a contractual agreement between parties, in the absence of "fraud or violation of

public policy, a court is to apply the law selected in the contract as long as the state selected has

sufficient contacts with the transaction."  Hartford Fire Ins. Co. v. Orient Overseas Containers

Lines (UK) Ltd., 230 F.3d 549, 556 (2d Cir. 2000).  Here, respondent concedes that petitioner's

principal place of business is New York (Resp't Br. 4), which qualifies as sufficient contacts

with the transaction.  Cap Gemini Ernst & Young, 346 F.3d at 365-66 (2d Cir. 2003) (citing

Woodling v. Garrett Corp., 813 F.2d 543, 552 (2d Cir. 1987)).

        Nevertheless, respondent argues that applying the choice of law clause would

violate the public policy of California because it would "waive [her] wage and hour and

retaliation claims."  (Resp't Br. 4-10.)  Even if California public policy considerations were

relevant in the present case, a plain reading of the choice of law provision indicates no such

waiver.  The choice of law clause in the parties' employment contract only states that the "*offer*

*letter* shall be governed by the laws of the State of New York, without regard to conflict of law principles." (Belelieu Decl., Ex. B. at 1 (emphasis added).) The provision does not indicate that the respondent's substantive claims are governed by New York law. In fact, petitioner concedes that California law governs respondent's underlying claims. (Pet'r Reply Br. 5 n.5.)

Respondent has failed to show that the choice of law provision was based on fraud or violates public policy. Therefore, the choice of law provision is binding on the parties which requires the application of New York law when interpreting the Agreement, regardless of which law applies to the underlying substantive claims.

III. The Validity of the Agreement

Before compelling arbitration, the district court must determine whether "the parties enter[ed] into a contractually valid arbitration agreement," and if so, whether "the parties' dispute fall[ed] within the scope of the arbitration agreement." Cap Gemini Ernst & Young, 346 F.3d at 365. Respondent does not dispute that her claims would fall within the scope of the arbitration agreement. However, she argues that the forum-selection clause of the arbitration agreement is invalid, and the arbitration agreement itself is unenforceable.

1.      Arbitral Forum-Selection Clause

The arbitration clause in the Agreement includes a forum-selection clause which requires the arbitration to occur in New York County, New York. Respondent argues that the clause should be rendered invalid as against public policy. "The Second Circuit has expressed a 'strong policy' of enforcing forum selection agreements, and will do so 'unless it can clearly be shown that enforcement would be unreasonable and unjust, or that the clause is otherwise invalid for such reasons as fraud or overreaching." N. Pac. Int'l, Inc. v. Am. Lines/Am. Lines, Inc., 888 F. Supp. 31, 32 (S.D.N.Y. 1995) (quoting Bense v. Interstate Battery Sys. of Am., Inc., 683 F.2d 718, 721–22 (2d Cir. 1982)) (internal citations omitted).

Respondent does not argue that applying the forum-selection clause would be unreasonable or unjust.  Nor has respondent asserted that the clause was agreed upon as a result of fraud or overreaching.  Respondent only argues that the choice of forum clause should be deemed invalid because it "will waive Respondent's important statutory protections under California Labor Code."  (Resp't Br. 2-3.)  However, respondent offers no explanation as to how arbitrating claims in New York County would result in a waiver of her statutory rights.  An agreement to arbitrate does not foreclose the opportunity to raise California statutory claims. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985) ("By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.").[1]  As stated above, petitioner concedes that respondent's statutory claims are governed by California law.  Whether those claims are litigated in federal court or before an arbitrator does not impact the law to be applied.

Accordingly, respondent has failed to overcome the presumption of validity that federal courts apply to contracting parties' forum-selection clauses.

2.      Arbitration Agreement

All that remains to be decided is whether the arbitration agreement itself is valid. Respondent argues that the agreement is invalid because it is too uncertain to constitute a binding contract and it is procedurally and substantively unconscionable.  (Resp't Br. 10-14.)

---

[1] Respondent's reliance Verdugo v. Alliantgroup, L.P., 237 Cal. App. 4th 141 (June 25, 2015) is unavailing.  Setting aside that the California case is not binding on this Court, the circumstances were quite different.  In Verdugo, the court invalidated a forum selection clause because it would have operated, in conjunction with a choice of law provision, to compel an arbitrator in Texas to apply Texas law to the respondent's substantive claims.  Id. at 145. The choice of law provision in the present case has no such effect, because it only impacts the interpretation of the employment contract, not the underlying substantive claims.  Petitioner concedes that California law applies to the substantive claims, a fact that would have likely led to a different outcome in Verdugo.  Id. ("Alliantgroup could have eliminated any doubt about which law would apply to Verdugo's claims by stipulating to have the Texas courts apply California law, but it did not do so.").

Although there is a federal policy favoring arbitration, courts only apply this presumption if an "enforceable arbitration agreement is ambiguous about whether it covers the dispute at hand." Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287, 301 (2010). The policy does not "override[] the principle that a court may submit to arbitration 'only those disputes . . . that the parties have agreed to submit.'" Id. at 302 (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995)). Therefore, the presumption of arbitrability "'does not apply to disputes concerning whether an agreement to arbitrate has been made.'" Goldman, Sachs & Co. v. Golden Empire Sch. Fin. Auth., 764 F.3d 210, 215 (2d Cir. 2014) (quoting Applied Energetics, Inc. v. NewOak Capital Mkts., LLC, 645 F.3d 522, 526 (2d Cir. 2011)). Rather, when assessing the validity of an arbitration agreement, "the general rule is that courts 'should apply ordinary state-law principles that govern the formation of contracts.'" T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 344 (2d Cir. 2010) (quoting First Options of Chicago, 514 U.S. at 944). The burden of proof that the claims at issue are not suitable for arbitration rests with the party resisting arbitration. Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 91 (2000).

      a.   Uncertainty of the Arbitration Clause

"To form a valid contract under New York law, there must be an offer, acceptance, consideration, mutual assent and intent to be bound."[2] Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 427 (2d Cir. 2004) (quotations omitted). Mutual assent requires a meeting of minds on all essential terms, and without it, "there is no contract." Opals on Ice Lingerie v. Bodylines Inc., 320 F.3d 362, 372 (2d Cir. 2003) (quoting Schurr v. Austin Galleries of Ill., 719 F.2d 571, 576 (2d Cir. 1983)). Here, petitioner emailed respondent her employment contract

---

[2] Respondent's reliance on California law in her brief is misplaced. The Court's determination that the choice of law provision is valid and enforceable establishes that New York law governs the interpretation of the Agreement.

laying out the terms of her employment—including a provision calling for "mandatory binding arbitration"—which respondent signed on the same day.  By signing and accepting the terms of the contract, in the absence of fraud or other wrongful act, she "is conclusively presumed to know its contents and to assent to them."  Gold v. Deutsche Aktiengesellschaft, 365 F.3d 144, 149 (2d Cir. 2004).

However, respondent contends that the parties could not have assented to the contract because the arbitration clause lacked "definite and certain terms sufficient to show that the parties mutually assented to the same terms."  The "definiteness doctrine" is not to be applied rigidly, and striking down a contract based on a lack of definiteness "is at best a last resort."  166 Mamaroneck Ave. Corp. v. 151 E. Post Rd. Corp., 78 N.Y.2d 88, 91 (1991) (quotations omitted).  "[W]here it is clear from the language of an agreement that the parties intended to be bound and there exists an objective method for supplying a missing term, the court should endeavor to hold the parties to their bargain."  Id. (citation omitted).

While the arbitration clause in the present case is admittedly terse, the language indicates that the parties agreed to be bound.  Hudson Specialty Ins. Co. v. New Jersey Transit Corp., No. 15 cv 89 (ER), 2015 WL 3542548, at *7 (S.D.N.Y. June 5, 2015) ("Courts within this circuit have routinely rejected the argument that the procedural rules governing arbitration constitute essential terms.").  The Agreement plainly states that the parties agree to arbitrate "all claims arising out of or related to [respondent's] employment."  (Belelieu Decl., Ex. B.)  In addition, respondent signed the agreement directly below a statement indicating that she had "read, understood and accept[ed] the offer of employment as set forth in the foregoing letter." (Id.)

The lack of specific terms governing the arbitration's procedure does not invalidate the agreement, considering that the FAA provides an objective method to fill gaps in arbitration agreements.  9 U.S.C. § 5.  Once an arbitrator is selected pursuant to those gap-filling methods, other aspects of the arbitration's procedure, such as discovery and costs, can be decided by the arbitrator.  9 U.S.C. § 7; see also E.S. Originals, Inc. v. Totes Isotoner Corp., No. 08 cv 01945 (LAP), 2011 WL 4527417, at *3 (S.D.N.Y. Sept. 30, 2011) (holding that an order to arbitrate all claims also means that "related discovery requests are properly decided by the appointed arbitrator, not the Court"); Application of Technostroyexport, 853 F. Supp. 695, 697-98 (S.D.N.Y. 1994) ("Arbitrators govern their own proceedings, generally without assistance or intervention by a court. Whether or not there is to be pre-hearing discovery is a matter governed by the applicable arbitration rules (as distinct from court rules) and by what the arbitrators decide.").

The parties assented to an employment contract which included a clause calling for binding arbitration to settle all disputes arising from respondent's employment.  The failure to include specific details on the procedure of the arbitration is not fatal to the clause's validity.

b.  Unconscionability of Arbitration Clause

Under New York law, a provision of a contract may be unconscionable "only where it is 'both procedurally and substantively unconscionable when made.'"  NML Capital v. Republic of Argentina, 621 F.3d 230, 237 (2d Cir. 2010) (quoting Gillman v. Chase Manhattan Bank, N.A., 73 N.Y.2d 1, 10 (1988)).  In determining procedural unconscionability, "courts look to whether a party lacked meaningful choice."  Baldeo v. Darden Restaurants, Inc., No. 04 cv 2185 (JG), 2005 WL 44703, at *6-7 (E.D.N.Y. Jan. 11, 2005) (citing Brennan v. Bally Total Fitness, 198 F. Supp. 2d 377, 382 (S.D.N.Y. 2002)).  While evidence of high pressure or

deceptive tactics coupled with inequality in bargaining positions "may be sufficient to show that an employee lacked a meaningful choice," Brennan, 198 F. Supp. 2d at 382, "'[m]ere inequality in bargaining power' between employers and employees is not alone sufficient to hold arbitration agreements unenforceable." Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc., 191 F.3d 198, 207 (2d Cir. 1999) (quoting Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33 (1991)).

Respondent has failed to establish procedural unconscionability. She has not alleged that petitioner used any deceptive or high pressure tactics. The Agreement was not complex or confusing; it was actually less than two pages long, and was written in a plain and easy-to-understand manner. Nor did petitioner demand a response in an unreasonably short period of time, which may have prevented respondent from truly contemplating or fully understanding the Agreement. Although respondent alleges that the contract was a "take it or leave it" offer, she has not offered support for this assertion, and nothing in the Agreement can be construed as limiting or preventing her from negotiating its terms. Even if it could be construed as a "take it or leave it" offer, however, this alone "is not sufficient under New York law to render the [arbitration] provision procedurally unconscionable." Ragone v. Atl. Video at Manhattan Ctr., 595 F.3d 115, 122 (2d Cir. 2010) (alteration in original); see also Isaacs v. OCE Bus. Servs., Inc., 968 F. Supp. 2d 564, 570 (S.D.N.Y. 2013) ("[T]he fact that OBS unilaterally drafted the Policy and required the plaintiff to sign the Policy as a condition of his employment does not in itself render the Policy unconscionable.").

In rare cases "where a provision of the contract is so outrageous," substantive unconscionability alone may render a contract unenforceable. Ragone, 595 F.3d at 122 (quoting Gillman, 73 N.Y.2d at 12). This is not such a case. The employment contract subjected both parties to mandatory arbitration for any claims arising out of or related to respondent's

employment, and therefore, it "may not be said to favor the stronger party unreasonably."  Gold, 365 F.3d at 150.  Although the agreement explicitly excludes claims related to respondent's "invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreement," such exclusions are not enough to amount to substantive unconscionability.  Clinton v. Oppenheimer & Co. Inc., 824 F. Supp. 2d 476, 484 (S.D.N.Y. 2011) ("[E]ven agreements that "concededly favor" the party requesting arbitration are generally upheld when the advantage is not 'grossly unreasonable.'" (quoting Rosenfeld v. Port Auth. of New York & New Jersey, 108 F. Supp. 2d 156, 165 (E.D.N.Y. 2000)); Sablosky v. Edward S. Gordon Co., 73 N.Y.2d 133, 137 (1989) ("Mutuality of remedy is not required in arbitration contracts. If there is consideration for the entire agreement that is sufficient; the consideration supports the arbitration option, as it does every other obligation in the agreement.").

PETITION TO APPOINT AN ARBITRATOR

Petitioner also seeks the appointment of an arbitrator because the Agreement does not include a method for selecting an arbitrator.  Where an agreement is silent on the appointment of an arbitrator, "the court shall designate and appoint an arbitrator . . . who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein."  9 U.S.C. § 5.  An arbitrator shall be appointed in accordance with the following procedure: the parties shall meet and confer within 14 days of this Order to appoint a single arbitrator to arbitrate respondent's claims.  If the parties are unable to agree on an arbitrator, within 21 days of this Order, each party shall submit ex parte to this Court the names of 10 individuals to arbitrate respondent's claims.  The list should include each individual's qualifications and should be in order of the party's preferences.  The Court will then select an arbitrator taking account of the foregoing.

CONCLUSION

For the foregoing reasons, WeWork's petition to compel arbitration is granted. The arbitration of respondent's claims shall proceed in New York County, New York, and an arbitrator shall be appointed in accordance with the foregoing opinion. Except for issues related to the appointment of the arbitrator, the matter is stayed pending a final decision in the arbitration; however, the parties may seek to modify or vacate the stay at any time. The parties shall file a written status report with the Court no later than October 17, 2016 or the action will be dismissed.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 5, 2016